I. {¶ 18} I disagree with the majority's conclusion that the trial court's failure to allow Sanders to address the evidence presented after September 25, 2001 "cannot be found harmless[.]" As the majority points out, that evidence was collected over the course of multiple hearings, which fact the majority decides to ignore for purposes of determining whether Sanders was denied his right of allocution. I would hold that the continued hearings constitute one hearing and that Sanders' statements made at the September 25, 2001 hearing satisfy Crim. R. 32. In the alternative, assuming for the sake of argument that only the May 23, 2002 hearing counted as the sentencing hearing, I would hold that the error, if any, was harmless because Sanders has not shown how he was prejudiced by being denied an opportunity to speak. I therefore respectfully dissent.
 II. A. {¶ 19} The majority finds problematic the fact that Sanders spoke at the September 25, 2001 hearing and not at the final May 23, 2002 hearing. The majority implicitly concedes that an eight-month delay between allocution and the imposition of sentence is not per se reversible error, but decides that error exists here because "Sanders was not allowed to address the evidence that was introduced after the September 25, 2001 hearing and which the judge considered prior to imposing sentence on May 23, 2002." In other words, the majority's concern appears to be that Sanders' allocution preceded the trial court's consideration of evidence that was gathered between September 25, 2001 and May 23, 2002.
 {¶ 20} The majority's concern only appears to be the timing because the majority ultimately concludes that Sanders' allocution on September 25, 2001 was not an allocution at all. The majority reaches this conclusion by treating only the May 23, 2002 hearing as the sentencing hearing. Yet the evidence that Sanders did not address was gathered over the course of the hearings prior to and including the May 23, 2002 hearing. The majority treats the hearings as one hearing when considering the gathering of evidence but then treats only the May 23, 2002 hearing as the sentencing hearing when considering Sanders' right of allocution.
 {¶ 21} The majority's position, that the multiple hearings did not constitute one sentencing hearing, is further undermined in that, not only did Sanders never object to the continuance, but also, one of the continuances was granted in response to statements made by defensecounsel. As the majority points out, the trial court continued the hearing on November 28, 2001 after defense counsel informed the court that one of the reports was incomplete. Sanders' selective emphasis here of the May 23, 2002 hearing suggests invited error. See State v.Campbell (2000), 90 Ohio St.3d 320, 324 ("The doctrine of invited error holds that a litigant may not take advantage of an error which he himself invited or induced." (Internal quotation marks and citation omitted.)).
 B. {¶ 22} Furthermore, the majority's requirement that the trial court ask a defendant to speak only after all of the evidence has been permitted is not found in the rule. Crim. R. 32(A)(1) states that, "[a]t the time of imposing sentence, the court shall: * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The rule does not say at what point of the sentencing hearing a defendant should be permitted to talk; it merely requires that he be allowed to talk "at the time of sentencing." As the First Circuit stated, allocution is "the right to make a statement to the sentencing judge before he pronounces sentence, not a privilege to have the last word." United States v. Foss (C.A.1, 1974), 501 F.2d 522, 530, fn. 3.
 III. A. {¶ 23} Even if I were persuaded that only the May 23, 2002 hearing should be considered as the resentencing hearing, I would not find reversible error here. Sanders does not show how he was prejudiced by his not speaking on May 23, 2002. And the majority is reduced to circular logic to find prejudice: "the error cannot be found harmless because Sanders was denied the opportunity to address evidence introduced and considered after the September 25, 2001 hearing." In other words, the majority finds that it was prejudicial error for the court not to permit Sanders to speak because it was error for the court not to permit Sanders to speak.
 {¶ 24} That Sanders was not permitted to speak, however, was not the prejudice; it was the error itself. After finding error, this court must still determine whether prejudice resulted from that error. Here, by using the error itself as the basis for a finding of prejudice, the majority has ignored well-settled law that "a trial court's failure to address the defendant at sentencing is not prejudicial in every case."Campbell at 325.
 B. {¶ 25} Moreover, the sentencing hearing under consideration was Sanders' third. Sanders did not raise the issue of allocution in his previous two sentencing appeals. Further, Sanders was asked to speak at the September 25, 2001 hearing. Sanders cannot plausibly argue that he was unaware of his right to address the court on May 23, 2002. There was therefore substantial compliance with Crim. R. 32. See Campbell and Statev. Smith (Nov. 2, 1995), Cuyahoga App. No. 68351.
 {¶ 26} I respectfully dissent.